UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/2025
```

-----------------------------------------------------------------------X
                                           :

JOANNE DUGAN, et al.,                  :

               Plaintiffs,      :

                          :              25-cv-8836 (LJL)

        -v-                   :

                          :                ORDER

BLACK BOX PROJECTS,          :

                          :

           Defendant.      :

                          :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff filed a complaint in this case on October 24, 2025.  Dkt. No. 1.  Shortly

thereafter, Plaintiff moved to temporarily seal the complaint and then voluntarily dismissed the

case.  Dkt. Nos. 3, 5.  Plaintiff now seeks permanent sealing of the complaint, arguing that

because it was never subject to judicial deliberation and informed no substantive decision of the

Court, it does not qualify as a "judicial document" to which the highest presumption of public

access applies.  Dkt. No. 7 at 2.  Plaintiff cites general personal privacy and confidentiality

reasons for sealing the complaint.  *Id.* at 1–2.

      The Second Circuit has noted that "the 'modern trend in federal cases' is to classify

'pleadings in civil litigation (other than discovery motions and accompanying exhibits)' as

judicial records." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140

(2d Cir. 2016) (quoting *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir.2013)).  "The fact that a

suit is ultimately settled"—or otherwise terminated—"without a judgment on the merits does not

impair the 'judicial record' status of pleadings." *Id.*  It does not matter if a court never relies on

the records. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("Insofar as the District

Court held that these materials are not judicial documents because it did not rely on them in adjudicating a motion, this was legal error. . . . [T]he proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon."); *accord In re N.Y.C. Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 256 (S.D.N.Y. 2022). Furthermore, "'[b]road and general findings' and 'conclusory assertion[s]' are insufficient to justify deprivation of public access" to judicial records. *Bernstein*, 814 F.3d at 144–45 (quoting *United States v. Erie County*, 763 F.3d 235, 243 (2d Cir. 2014)).

Given these precedents, the Court is unpersuaded that because it never relied on the complaint and because the case was voluntarily dismissed, something less than a strong presumption of public access applies to the pleadings. Plaintiff, moreover, has supported the application for permanent sealing with only conclusory assertions regarding privacy and confidentiality.

The Court therefore DENIES the motion for permanent sealing without prejudice. Plaintiff may move again for permanent sealing, if she so wishes, by November 21, 2025, with a more detailed explanation as to why sealing is necessary and why privacy interests outweigh the strong presumption of public access. Absent such a renewed motion, the complaint will be unsealed.

SO ORDERED.

Dated: November 13, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge